The State, ex rel. Akron Law Library Assn., *v.* Weil,
Summit County Treasurer, et al.

[Cite as State, ex rel. Akron Law Library Assn., v. Weil,
16 Ohio App. 2d 151.]

(No. 6191—Decided October 9, 1968.)

152

*Messrs. Alpeter, Diefenbach, Davies, Shaffer, Koerber & Lewis* and *Mr. Robert K. Lewis, Jr.*, for relator.

*Mr. James V. Barbuto*, prosecuting attorney, and *Mr. John D. Smith*, for respondents Clyde H. Weil, Treasurer; C. L. Bower, County Auditor; various Township Trustees and Clerks; and Springfield Township Trustees and Clerk.

*Mr. William R. Baird*, director of law, and *Mr. S. John Nostwich*, for respondent Daniel P. Zeno, Director of Finance, *et al.*

*Mr. Richard M. Baum*, director of law, and *Mr. William P. Holder, Jr.*, for respondents John W. Ingram, Director of Finance, and Catherine J. Edgecomb, Clerk of Cuyahoga Falls Municipal Court.

*Mr. Gilbert A. Hartz*, solicitor, for respondent Lois Brannan, Clerk-Treasurer, and Leonard L. Krause, Clerk-Treasurer.

*Mr. Marvin G. Manes*, for respondent Robert P. Bishop, Treasurer.

*Mr. Glen B. Morgan*, solicitor, for respondent Alan George Straka, Treasurer.

*Mr. Edward C. Smolk*, director of law, for respondent Ray E. Hartung, Finance Director, and William C. Sisler, Director of Finance.

*Mr. Robert H. Voelkle*, solicitor, and *Mr. William Watson, Jr.*, for respondent John F. Wright, Jr., Treasurer.

*Messrs. Brouse, McDowell, May & Bierce* and *Mr. Joseph M. Holden*, for respondent Trustees of Franklin Township, and Helen M. Schrader, Clerk.

HUNSICKER, J.   An action in mandamus has been filed in this court by The Akron Law Library Association (a county law library association), in the name of the state of Ohio.   The relator herein is called "Library."   The respondents are public officials of the cities, villages, townships, and Municipal. Courts located in Summit County. Such respondents are mainly those into whose custody fines and penalties are paid, and bail bonds and recog-

nizances are forfeited, for offenses and misdemeanors committed by persons within designated areas of Summit County. These funds are received by, or are under the control of, such respondents pending the transfer of such funds to the use of a legally designated governmental agency.

The prayer of the petition asks that "a writ of mandamus issue commanding said respondents to pay (i) one-half of all moneys arising from fines and penalties paid and for deposits, bail bonds and recognizances forfeited by persons for offenses and misdemeanors brought for prosecution in the name of a municipal corporation under a penal ordinance thereof, where there is in force a state statute under which the offense might be prosecuted; or prosecuted in the name of the state; or brought for prosecution under Chapters 4301 and 4303 of the Revised Code; or brought for prosecution under the state traffic laws which moneys have been received by respondents from and after August 15, 1967, to the date of filing this petition; and (ii) to pay one-half of all such moneys received by respondents after the day of filing this petition to the board of trustees of relator and that respondents C. L. Bower and Clyde H. Weil pay all moneys which have been to the date of filing this petition or will be after the date of filing this petition escrowed by said respondents which should have been or should be paid to the board of trustees of relator, and for costs herein expended."

It is the contention of the Library that certain of these designated moneys are, by the statutes of this state, required to be paid to it and not diverted to other governmental agencies.

Certain of the funds claimed herein by Library have been paid into the treasury of Summit County, and are being held by C. L. Bower and/or Clyde H. Weil, in escrow, in their official capacity. They refuse to distribute these funds pending a judicial determination as to what funds may lawfully be paid to the Library.

Demurrers have been filed by some of the many

respondents. We overrule all of such demurrers.

Answers have been filed by most of the respondents, stating either that they owe no money to Library, or that they are not the repository of funds collected for the purposes of the Library, in their fiscal positions or their governmental areas.

We deem the issues to be made by the pleadings, and proceed to determine the matter, after oral argument and submission of briefs, although no testimony has been received as to amounts claimed to be due Library.

The state of Ohio, by legislation, provided a means of supporting county law libraries for the free use of such facilities by the judges and other public officials. To obtain that support, the following statutes were enacted for inclusion in the Ohio Revised Code, to wit: Sections 3375.50, 3375.51, 3375.52, 3375.53, 4513.35, and 5503.04.

The problem before us is to interpret these statutes and, from that interpretation, to determine what moneys should be paid for the use and benefit of Library, and to direct that such moneys be paid to Library, if the several governmental agencies and courts have failed to do so.

There are no County Courts in Summit County, and we do not, therefore, consider the section herein dealing with such courts, to wit: Section 3375.51, Revised Code.

Counsel for relator, in its brief, says that the source of the present difficulty is Section 4513.35, Revised Code, as amended August 15, 1967. That section now reads:

"All fines collected under Sections 4511.01 to 4511.78, inclusive, 4511.99, and 4513.01 to 4513.37, inclusive, of the Revised Code shall be paid into the county treasury and, with the exception of that portion distributed under Section 3375.53 of the Revised Code, shall be placed to the credit of the fund for the maintenance and repair of the highways within such county, provided that all fines collected from, or moneys arising from bonds forfeited by, persons apprehended or arrested by state highway patrolmen shall be distributed as provided in Section 5503.04 of the Revised Code and provided that one-half of all fines

collected from, and one-half of all moneys arising from bonds forfeited by, persons apprehended or arrested by a township constable or other township police officer shall be paid to the township treasury to be placed to the credit of the general fund.''

Sections 4511.01 to 4511.78, inclusive, 4511.99 and 4513.01 to 4513.37, inclusive, of the Revised Code, refer to motor vehicle violations and traffic laws. Section 3375.53, Revised Code, deals with the distribution of fines and penalties for violation of the liquor control law and state traffic laws.

Section 3375.53, Revised Code, reads:

''In each county, fifty per cent of all moneys arising from fines and penalties and from forfeited deposits and forfeited bail bonds and recognizances taken for appearances on account of offenses brought for prosecution in any court in such county under Chapters 4301. and 4303. of the Revised Code and the state traffc laws shall be paid monthly by the treasurer of the county or municipal corporation to the board of trustees of the law library association in such county, but the sum so paid to such board by each treasurer shall not exceed twelve hundred dollars per annum under Chapters 4301. and 4303. of the Revised Code, and when that amount has been so paid to such board in accordance with this section, then no further payments shall be required thereunder in that calendar year from such treasurers.''

Section 5503.04, Revised Code, mentioned in Section 4513.35, Revised Code, concerns itself with the disposition of fines and bond forfeitures collected through arrests by state patrolmen. This section was amended, effective July 25, 1967, but, except for a reference to Portage County, it is the same statute considered in the case of *State, ex rel. Bd. of Trustees of Akron Law Library Assn.,* v. *Vogel,* 169 Ohio St. 243.

It should be noted here that Section 733.40, Revised Code, and Section 2949.11, Revised Code, treat on the subject of fines paid into the municipal treasury by the

mayor, and the county treasury by any officer, and, in each of such sections, the language provides that, unless otherwise required by Sections 3375.50 to 3375.52, inclusive (the law library sections), such fines shall be paid to the respective official charged with their receipt.

Section 1901.31 (F), Revised Code, says in part that, in the Municipal Court, fines "for violation of municipal ordinances shall be paid into the treasury of the municipal corporation whose ordinance was violated, and to the county treasury all fines collected for the violation of state laws, subject to Sections 3375.50 and 3375.53 of the Revised Code."

In the case of *State, ex rel. Bd. of Trustees of Akron Law Library Assn.,* v. *Vogel,* 169 Ohio St. 243, the court, in the body of the opinion, by way of conclusion, said, at page 249:

"I. Sections 4513.35, 5503.04 and 3375.53, Revised Code, are *in pari materia* and are special statutes providing for the disposition of fines, etc., collected by any court either as the result of apprehensions or arrests by state highway patrolmen or for prosecutions under Chapters 4301 and 4303, Revised Code, and Sections 4511.01 to 4511.78, inclusive, 4511.99 and 4513.01 to 4513.37, inclusive, of the Revised Code, or both.

"II. Sections 4513.35, 5503.04 and 3375.53, Revised Code, as they apply to the instant case, impose a clear duty upon a municipal treasurer or fiscal officer to pay to the board of trustees of the law library association of the county 50 per cent of all money received by him from prosecutions in municipal courts of persons apprehended or arrested by state highway patrolmen for violations of state traffic laws.

"III. Since Sections 4513.35, 5503.04 and 3375.53, Revised Code, are special statutes dealing with the disbursement of money arising from sources which are ordinarily separate and distinct from the sources set out in Section 3375.50, Revised Code, and since the maximum amounts which the library association is to receive per annum under

Section 3375.50 ($3,000 from any one court and $7,500 from all courts) are limited by the terms of the statute to 'the total amount paid under *this* section,' it is clear that such maximum amounts cannot be construed to operate as blanket maximums so as to defeat the right of the library association to receive from the municipal treasurer the money to which it is entitled under Section 3375.53, Revised Code.''

We should note that no great change has been made in the statutes there considered, except as to Section 4513.35, Revised Code, and the change there made does not affect the funds coming to the law library, for, by the amendment of Section 4513.35, Revised Code, a part of the money formerly paid to the county for the maintenance and repair of county highways, where persons were apprehended and arrested by township officers, is now paid directly to the township general fund and not placed in the county highway repair fund. This statute does not say that the other half of the fund so arising for the use of the township shall go to the county general fund. The effect of Section 3375.53, Revised Code (it being *in pari materia* with Section 4513.35, Revised Code), is to give the Library one-half of all fines under Section 4513.35, Revised Code, except those where arrests are made by state highway patrolmen. In this latter situation, disposition of the fines is made under authority of Section 5503.04, Revised Code, which, again, must be read *in pari materia* with Sections 3375.53 and 4513.35, Revised Code. We believe that the case of *Akron Law Library Assn.* v. *Vogel, supra,* is controlling in the matter herein, notwithstanding the recent amendment of Section 4513.35, Revised Code.

We have, in the statutory provisions for the Library, (1) an award from municipal corporations, both cities and villages; (2) an award from County Courts (which presents no problem in the instant case); (3) awards from the Court of Common Pleas and Probate Court; (4) awards from *all* courts in the county for violations of state traffic

laws, and violations under Chapters 4301 and 4303, Revised Code. These are the sources of Library income.

The manner in which fines received for violations of traffic offenses are distributed is set out in Section 4513.35, Revised Code. The manner in which both fines and moneys arising from bonds for feited by persons apprehended or arrested by state highway patrolmen shall be disposed of is set out in Section 5503.04, Revised Code.

Thus, under Section 4513.35, Revised Code, where the arrest for a traffic offense, under the sections of the Code therein named, is by one other than a state highway patrolman, with prosecution and a money fine paid, 50 per cent of such fine, under Section 3375.53, Revised Code, is paid to the Library through the county treasurer, or Municipal Court, or mayor's court, or Juvenile Court. Where the arrest is made by a township officer for such traffic offense, 50 per cent of the fine is paid into the township general fund and the other 50 per cent arising from such arrests is paid to Library. This section further provides for the disposition of the funds considered herein when the arrest for traffic offenses is by a state highway patrolman. In such situation, distribution is conducted under Section 5503.04, Revised Code.

Again, using the rationale of the *Vogel case, supra*, moneys received under Section 5503.04, Revised Code (arrests by state highway patrolmen), are paid into the county treasury or the municipal treasury—whether city or village. Where the prosecution is in a mayor's court, 55 per cent of such money is paid into the treasury of the municipal corporation, and 50 per cent of that amount then goes to Library. Where the prosecution is in a trial court outside the municipal corporation, or outside the territorial jurisdiction of a Municipal Court, the 55 per cent is paid into the county treasury, and 50 per cent of that amount then goes to Library. Where the prosecution is in a Municipal Court and the arrests are made by state highway patrolmen for violation of the state traffic laws, 10 per cent is to be paid to the county treasury and 45 per cent to the mu-

nicipal treasury. Fifty per cent of these latter funds, under Section 3375.53, is then paid to Library.

Where there is a prosecution in a Municipal Court by reason of an arrest by either a local officer or a state highway patrolman, and there is no comparable state statute covering that offense, none of the funds considered herein need be paid to Library by the clerk of the Municipal Court or from the county treasury.

Under the terms of Section 3375.53, Revised Code, where fines are received from violations of offenses in Chapters 4301 and 4303, Revised Code, 50 per cent of such fines, to the extent of $1,200 per year, shall be paid to Library.

Under Section 3375.52, Revised Code, the award to Library, accepting the rationale of case of *Akron Law Library Assn.* v. *Vogel, supra,* is a maximum of $1,250 to be paid by the clerks of the courts there named, from fines arising "on account of offenses and misdememanors brought for prosecution in such courts in the name of the state * * *." The excess of such funds, of course, is paid to the county treasurer, and, if such funds arise from violations of state traffic laws, then such excess funds are subject, in such cases, to disposition under Sections 3375.53, 4513.35, and 5503.04, Revised Code.

We come now to Section 3375.50, Revised Code, which section was of vital interest in case of *Akron Law Library Assn.* v. *Vogel.* This section refers only to Municipal Courts, and the funds discussed refer to those arising from prosecution of a penal ordinance, with the city or village as plaintiff, where there is a state statute covering a similar offense, or by using the state of Ohio as the plaintiff in the prosecution of the offense. The limit payable in the case herein, after the required deductions, is $15,000. However, as it was said in the *Vogel case, supra,* at page 249, "it is clear that such maximum amounts cannot be construed to operate as blanket maximums so as to defeat the right of the library association to receive from the municipal treasurer the money to which it is entitled under

.Section 3375.53, Revised Code." The case of *Akron Law Library Assn.* v. *Vogel, supra,* still controls the disposition of the fines in Municipal Courts.

We interpret the statutes providing funds for the Library herein as we have set out in detail above and order that a writ of mandamus issue directing the several officials above mentioned to pay to the Library the sums due to it under this opinion.

In the event the parties cannot agree on the amount now due, a master commissioner shall be appointed to determine such amounts. The cost of such master commissioner, as well as the costs of the action herein, shall be divided equally between the County of Summit and the Library.

The writ of mandamus is allowed.

*Writ allowed.*

BRENNEMAN, P. J., and DOYLE, J., concur.